Pro Se
JAAYE PERSON-LYNN, ESQ.
1908 W 73rd Street
Los Angeles, CA 90047
Tel.: 323.497.0086
JPersonLynn@Gmail.com

Attorneys for Plaintiff,
JAAYE PERSON-LYNN,

```
                         FILED _____   _____ RECEIVED
                    _____ ENTERED             _____ SERVED ON
                                    COUNSEL/PARTIES OF RECORD

                            FEB 2 4 2020

                       CLERK US DISTRICT COURT
                         DISTRICT OF NEVADA
                    BY:_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

## 2:20-cv-00378-APG-DJA

| | |
|---|---|
| JAAYE PERSON-LYNN,<br><br>          Plaintiffs,<br><br>     vs.<br><br>COUNTY OF CLARK, OFFICER KEVIN MENON, and DOES 1 to 5 inclusive,<br><br>          Defendants. | PLAINTIFF'S<br>COMPLAINT FOR DAMAGES:<br><br>1. EXCESSIVE USE OF FORCE (42 U.S.C. § 1983)<br>2. SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)<br>~~3. CUSTOM, PRACTICE or POLICY CAUSING VIOLATION OF CIVIL RIGHTS~~ (42 U.S.C. 1983)<br>3. UNLAWFUL SEARCH AND SEIZURE DETENTION & ARREST (42 U.S.C. 1983)<br>4. ILLEGAL ENTRY INTO PLAINTIFFS CAR (42 U.S.C. 1983) |

PLAINTIFFS DEMAND TRIAL BY JURY

**INTRODUCTORY STATEMENT**

PLAINTIFF'S COMPLAINT FOR DAMAGES

1. This is a civil action seeking money damages against officers of the Las Vegas Metropolitan Police Department, and the COUNTY OF CLARK, for committing acts, under color of law, which deprived Plaintiff JAAYE PERSON-LYNN, of rights secured under the Constitution and laws of the United States and the State of Nevada.

## JURISIDICTION AND VENUE

1. This Court has original jurisdiction under 28 U.S.C. §§ 1331, 1343 (a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States that include 42 U.S.C. § 1983 and the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

2. This court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367 (a) because those claims are so related to the federal claims that they form part of the same case or controversy under the Article III of the United States Constitution.

3. The venue is proper in the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and (e). This court is proper because Defendants reside in this district and the unlawful actions challenged occurred in this district.

## PARTIES

4. Plaintiff Jaaye Person-Lynn, (hiseinafter referred to "Plaintiff" and/or "Person-Lynn") is and was at all relevant times mentioned hisein, a resident of the County of Los Angeles, State of California. Mr. Person-Lynn is of African-American descent.

5. Defendant COUNTY OF CLARK (hiseinafter referred to as the "COUNTY" or "COUNTY OF CLARK") is a county corporation, organized and existing under the laws of the State of

PLAINTIFF'S COMPLAINT FOR DAMAGES

Nevada. In this case, the COUNTY acted through individual deputies of the Las Vegas Metropolitan Police Department.

6. Defendant JOE LOMBERADO (hiseinafter referred to as "LOMBRADO") is currently the Shisiff of Clark County and the leader of the Las Vegas Metropolitan Police Department.

5. Defendant KEVIN MENON (hiseinafter referred to as "MENON") is currently a Las Vegas Metropolitan Police Officer.

6. Plaintiff is informed and believe that OFFICERS, DOES 1-5, are and were at all times relevant for purposes of this action, Officers of the Metropolitan Police Department.

7. DOES 1 to 5 are sued hisein under fictitious names. Their true names are unknown to Plaintiffs. When their true names are ascertained, Plaintiffs will amend this Complaint by inserting their true names hisein.

8. Plaintiffs are informed and believe, and thiseon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences hisein alleged, and that Plaintiffs' damages hisein alleged were proximately caused by those Defendants.

9. At all times referred to hisein, Defendants DOES 1 to 5 acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Nevada, the COUNTYY OF CLARK, and the CLARK COUNTY Shisiff's Department, and pursuant to their authority as deputies, sergeants and detectives of said Department and COUNTY.

10. Plaintiffs sue Defendants DOES 1 to 5 each in their individual and official capacities.

## FACTS COMMON TO ALL COUNTS

PLAINTIFF'S COMPLAINT FOR DAMAGES

11. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1-12 as though set forth in full hisein.

12. On or about Febnruary 23, 2018, around 8:00pm, Plaintiff was traveling on the Interstate 15 Northbound in the State of California at about 80 miles per hour, which is above the stated speed limit of 70 miles per hour. At this time, Plaintiff was in the County of San Bernardino, State of California, headed to Las Vegas.

13. While about a mile before the Nevada State Line, Defendant Menon turned on his overhead front facing lights and initiated a traffic stop on Person-Lynn. Person-Lynn Slowed to about 60 miles per hour and drove nearly a mile to the first exit in Primm, Nevada, exit number 1, which is less than .1 miles into the State of Nevada, County of Clark..

14. Plaintiff, pulled to the side of the road and followed several commands from Defendant Menon before and after Menon ordered Plaintiff out of the car and handcuffed Plaintiff.

15. When Plaintiff was handcuffed he immediately asked to be released from the handcuffs and the request was denied, despite Plaintiff turning over his valid California driver's license and proof of insurance. Plaintiff was driving a rental car and requested his front passenger, Angela Higgins, to retrieve the rental agreement out of the glove compartment.

16. Once Ms. Higgins retrieved that document, his and the two rear passengers, Eugene Baloyi, seated in the rear driver's side seat, and Zoyi Muendane, seated in the rear passenger side seat, were ordered out of the vehicle, and placed in handcuffs. Shortly after all occupants were in handcuffs, Plaintiff was taken about 50 feet away from the othis occupants, the whole time asking to be given a ticket so he could proceed on his way to his reservations in Las Vegas.

17. Plaintiff had no jacket or coat on and the temperature was 36 degrees and windy. Plaintiff was made to stand in the cold for nearly an hour before he was arrested.

- 4 -
PLAINTIFF'S COMPLAINT FOR DAMAGES

18. Roughly 45 minutes after Plaintiff was put in handcuffs, he was released and conducted Standard field sobriety tests for which the officers determined Plaintiff was not under the influence of any alcohol or drugs. After the test was complete, Officer Menon wrote Plaintiff a ticket for speeding and not having insurance, despite Plaintiff telling Officer Menon his insurance was in his wallet whise he retrieved his valid California License from.

19. After Officer Menon issued the ticket, and Plaintiff signed the ticket, Officer Menon started conducting a search of Plaintiff's vehicle. Plaintiff told Officer Menon he did not have consent to search his vehicle. Menon searched anyway in violation of Knowles v Iowa 525 U.S. 113.

20. During the unlawful search, Menon lifted a bag that was covering the backseat and found a bottle of wine that had the original seal opened and some contents missing. He then went to the trunk of the vehicle and found Plaintiff's legally owned and stored firearms.

21. Officer Menon then placed Plaintiff under arrest. Officer Menon then had the vehicle Plaintiff was driving towed and left his passengers stranded on the side of the road in Primm, nearly 40 miles form Las Vegas, despite Plaintiff's plea to let Angela Higgins, who had a valid driver's license and is named on Plaintiff's insurance to drive the vehicle. This was also despite Officer Menon being told the hotel was in Las Vegas.

22. As a furthis proximate cause of the acts of Defendants and DOES 1-5 Plaintiff was compelled to secure the services of an attorney at law.

23. At the trial, conducted in the Good Springs Court, Defendant Menon lied about him turning off his body worn camera which caused the judge to refuse to watch the body camera footage,

PLAINTIFF'S COMPLAINT FOR DAMAGES

which resulted in Person-Lynn, who is a licensed attorney in California, be convicted of speeding, an open container and Obstructing an officer.

24. Mennon's untruthful testimony on September 11, 2018 caused Person-Lynn to not receive due process.

**FIRST CAUSE OF ACTION**
**EXCESSIVE USE OF FORCE (42 U.S.C. § 1983)**
**(Plaintiff JAAYE PERSON-LYNN against Defendants Deputy Menon, DOES 1-5, inclusive)**

33. By this reference, Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 32 of this Complaint as though fully set forth hisein.

34. Defendants, individually and as peace officers were unjustified and unreasonable in placing Person-Lynn on handcuffs and forcing him to stand in freezing weathis with no jacket or coat. This deprived Plaintiff of his right to be secure in his person and effects against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

35. Defendants Deputy Menon, and DOES 1-5 intentionally exercised force without Plaintiff's consent.

36. Defendants Deputy Menon and DOES 1-5 did not have lawful privilege to exercise such force.

37. The forced used by Defendants Deputy Menon DOES 1-5 was excessive because it was not reasonably necessary under the circumstances. Plaintiff was complying with all lawful orders and had no weapons or presented any credible threat to safety of anyone.

38. As a direct and proximate result of the aforedescribed unlawful and malicious physical abuse of Plaintiff by Defendants Deputy Menon, and DOES 1-5, committed under color of law and under each individual's authority as a COUNTY OF CLARK, PLAINTIFF suffered grievous

- 6 -
PLAINTIFF'S COMPLAINT FOR DAMAGES

bodily harm, extreme mental anguish that led to loss of earning capacity for which he is entitled to recover damages. Plaintiff was also deprived of love, companionship and comfort and was deprived of his rights to be secure in his person against unreasonable seizure and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

39. The acts Defendants Deputy Menon, and DOES 1-5, were intentional, wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages against said Defendants in their individual capacities.

**SECOND CAUSE OF ACTION**
**SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)**
**(PLAINTIFF JAAYE PERSON-LYNN against all Defendants DOES 1-10, inclusive)**

40. Plaintiff incorporate by reference each and every allegation contained in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth hisein.

41. Plaintiff has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious, including but not limited to, unwarranted state interference in Plaintiffs' enjoyment of his freedom from unreasonable searches and seizures.

42. Plaintiff has a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them from life, liberty, or property in such a manner as to shock the conscious.

43. As a result of the actions by Defendants Deputy Menon, and DOES 1-5, individually and as peace officers, Plaintiff was seized and arrested unlawfully. Plaintiff was thiseby deprived of

PLAINTIFF'S COMPLAINT FOR DAMAGES

his constitutional right of freedom from unreasonable searches and seizures.

44. Defendants, individually and as peace officers, acting under the color of state law, thus violated the Fourteenth Amendment of Plaintiff to be free from unwarranted interference with his right to move about freely.

45. The aforementioned actions of Defendants, individually and as peace officers, along with othis undiscovered conduct, shook the conscious, in that they acted with deliberate indifference to the constitutional rights of Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

46. As a direct and proximate cause of the acts of the Defendants, individually and as peace officers, Plaintiff experienced severe pain and suffering and lost his enjoyment of life and earning capacity for which Plaintiff is entitled to recover damages.

47. The conduct of Defendants, individually and as peace officers, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and thisefore warrants the imposition of exemplary and punitive damages as to Defendants.

48. Plaintiff seeks punitive damages against all Defendants, including DOES 1-5 inclusive.

### THIRD CAUSE OF ACTION
### UNLAWFUL SEARCH AND SEIZURE – DETENTION AND ARREST (42 U.S.C. § 1983)
**(Plaintiff JAAYE PERSON-LYNN against all Defendants DOES 1-5, inclusive)**

74. By this reference, Plaintiffs incorporates each and every allegation and averment set forth in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

75. Defendants, individually and as peace officers; caused Plaintiff to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as

PLAINTIFF'S COMPLAINT FOR DAMAGES

guaranteed to Plaintiff under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

76. As a result of the conduct of Defendants, individually and as peace officers; they are liable for Plaintiff's injuries, because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent violations.

77. The Plaintiff was detained without reasonable suspicion and arrested without probable cause.

78. The Conduct of Defendants, stopping Plaintiff for no legal reason, who had not committed any penal or vehicle code violations or given any consent to search his car, individually and as peace officers was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

79. Plaintiff seeks damages as the directly aggrieved party.

## FOURTH CAUSE OF ACTION

### ILLEGAL ENTRY INTO PLAINTIFF'S CAR (42 U.S.C. § 1983)

80. By this reference, Plaintiffs incorporates each and every allegation and averment set forth in the foregoing paragraphs, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

81. Defendants, individually and as peace officers; caused Plaintiff to be detained and arrested in violation of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth Amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

PLAINTIFF'S COMPLAINT FOR DAMAGES

82. As a result of the conduct of Defendants DOES 1-5, individually and as peace officers; they are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention and arrest, or because they failed to intervene to prevent violations.

83. The Plaintiff was detained without reasonable suspicion and arrested without probable cause.

84. The Conduct of Defendants, by entering the car of Plaintiff, who had not committed any penal code violations or given any consent to search his car, individually and as peace officers was willful, wanton, malicious and done with reckless disregard for the rights and safety of Plaintiff and thisefore warrants the imposition of exemplary and punitive damages as to Defendants.

85. Plaintiff seeks damages as the directly aggrieved party.

## **PRAYER FOR RELIEF**

WHISEFORE, Plaintiffs pray judgment against Defendants, and each of them as follows:

1.    For compensatory (or general) damages, under federal and state law, in an amount to be proven at trial;

2.    For Special Damages under federal and state law, in an amount to be proven at trial;

3.    For Punitive damages as to ALL DEFENDANTS INCLUDING DEPUTIES DOES 1 to 5 in their individual capacity, an amount appropriate to punish Defendants and deter other from engaging in similar misconduct, in an amount to be proven at trial;

4.    For prejudgment interests;

5.    For reasonable costs of this suit incurred herein;

6.    Loss of earnings, past and future;

7.    For interest as allowed by law;

8.    For such other and further relief as the Court may deem proper;

PLAINTIFF'S COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand a trial by jury.

DATED: February 24, 2020

Respectfully Submitted,

PRO SE

JAAYE PERSON-LYNN, ESQ.
Pro Se

- 11 -
PLAINTIFF'S COMPLAINT FOR DAMAGES